**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

---

| | |
|---|---|
| AMBERLI SINANI, : | |
| : | Civ. No. 19-9184(RMB) |
| Petitioner : | |
| v. : | |
| : | **OPINION** |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent : | |

---

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. ("Mot. to Vacate," ECF No. 1.) Pursuant to Rule 4 of the Rules Governing Section 2255 Cases for the United States District Courts,

> The Clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence . . . The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

For the reasons set forth below, the Court will dismiss the § 2255 motion for lack of jurisdiction.

I.  BACKGROUND

Petitioner is presently incarcerated in Adams County Correctional Center in Washington, Mississippi. On April 2, 2019,

Petitioner filed a document in this court that references a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, that was filed in the United States District Court, District of Maryland, the court that sentenced Petitioner in Criminal Case No. ELH-16-119.[1] On April 13, 2017, the District of Maryland entered Judgment against Petitioner after he was found guilty by a jury of conspiracy to distribute and possess with intent to distribute heroin. (Judgment, ECF No. 342.) Petitioner was sentenced to a 125-month term of imprisonment, and a five-year term of supervised release. (Id.) It is not clear why Petitioner filed a copy of this document in this Court, but the Court construes it as a motion to vacate under § 2255.

II. DISCUSSION

28 U.S.C. § 2255(a) provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

---

[1] United States v. Sinani, 16cr119ELH (D. Md.) Available at www.pacer.gov. The duplicate of the present motion is found at Docket Entry No. 409.

(emphasis added). The proper jurisdiction for Petitioner's motion is his sentencing court.

A district court should transfer a civil action to a court having jurisdiction if it is in the interests of justice to do so. See 28 U.S.C. § 1631. Petitioner has already filed this motion in the sentencing court and merely filed a duplicate here. Therefore, it is not in the interests of justice to transfer this action to the District of Maryland.

III. CONCLUSION

The Court dismisses this action for lack of jurisdiction. An appropriate Order follows.

Dated: July 10, 2019

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**